Deaderick, J.,
delivered the opinion of the Court.
Complainant filed his bill July, 1859, in the Chancery Court at Paris, seeking to redeem a tract of land which had been theretofore purchased by defendant at a trust sale as the property of H. T. Blanton and J. M. James.
A deed of trust was executed by Blanton and *332 James, 22nd August, 1865, to A. B. White, trustee, and registered 25th August, 1865, conveying certain property therein described to secure certain creditors therein named.
Amongst the property conveyed was an undivided half of a tract of one hundred and eighty-two acres of land in Henry county.
The defendant was one of the creditors secured by the deed of trust.
On the 26th June, 1868, the trustee sold the property conveyed according to the terms of the trust deed, and the defendant became the purchaser of the undivided half interest in the tract of one hundred and eighty-two acres of land at the price of four hundred and one dollars.
On the 1st July, 1868, the defendant advanced on his bid the sum of three hundred dollars, and acknowledged in writing the receipt of three hundred dollars as a payment on the debts secured in the deed of trust before the Clerk of the County Court of Henry county, for the purpose of having said receipt registered in said county of Henry, and caused the same to be registered on said 1st July, 1868, and he claims that neither Blanton nor James, nor any of their creditors, can redeem from him without paying, not only the sum of four hundred and one dollars paid by him on his purchase at the trustee’s sale, but also the further sum of three hundred dollars, advanced on bis bid, within- twenty days after his purchase, as prescribed in sec. 2127 of the Code.
*333 Before tlie sale tinder tlie trust deed, Blanton and James, upon their own petition, were adjudged and declared bankrupts in the United States District Court for the district of "West Tennessee, and R. P.-Cole was appointed assignee. All the estate, real and personal, was conveyed to said assignee by T. J. Latham, Register in Bankruptcy, on 26tk May, 1868.
It is argued by complainant’s counsel that the decree of bankruptcy against Blanton and James vested their equity of redemption in their assignee, and deprived the defendant, or any particular creditor, of any right, other than to have a pro rata share of the proceeds of the sale of the equity of redemption.
This is a sound proposition if defendant was seeking to enforce, for his exclusive benefit, the equity of redemption, as was the case in Pillow v. Langtree; 5 Hum, 389.
The debtors, by their deed, had conveyed their estate to the trustee for the benefit of their creditors whose rights were not impaired by the adjudication of the bankruptcy of the debtors.
After the sale, the debtors, and through them the creditors, had the right to redeem the property, and this right subsisted in the creditors only while the debtors themselves could exercise it; the debtors being bankrupt, it vests in their assignee, under the' 14th section of the bankrupt law.
This equity of redemption was purchased by complainant at the assignee’s sale, on the 17th April, *334 1869, for which, the assignee made him a deed dated 17th April, 1869, and in virtue of this claim he offered, to redeem by paying defendant his bid of $401, and the interest thereon, which defendant refused to accept, and the bill is filed to enforce the redemption and the money $401 and interest is tendered..
The purchasing creditor under a deed of trust is not deprived, by any provision of the bankrupt law, of any security or right incident to the execution of the deed of trust in his favor.
His lien is expressly recognized and provision made, allowing him to prove any balance of his claim after exhausting his securities: Brightly’s Bankrupt law, p. 47, § 20, and notes.
Defendant holds the property purchased by him, at the sale, under the trust deed, by virtue of his purchase, and is vested not with a mere equity, but the legal title, which was subject to the right of redemption.
But by the express provision of the statute, the amount advanced upon his bid, within twenty days from the date of his purchase, is just as much a part of the price paid for. the land, as the amount bid at the sale, and the title acquired by the purchaser cannot be divested out of him except by the payment of both sums. If he has a right to demand the payment of the $401, bid at the sale, he has by the same law the right to demand the $300 advanced on his bid, for the language of the statute is, that “he shall hold the property subject to *335 redemption at the price hid and such advance, just as if he had hid the whole sum at the time of sale:” Code, 2127.
It follows, therefore, that the complainant not having tendered the proper amount in redemption of the property sold, he is not entitled to the re.lief sought by this hill.
The decree of the Chancellor' will be reversed, and the bill dismissed with costs.